# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1957V
UNPUBLISHED

| | |
|---|---|
| TANNER NADEAU,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 21, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Tetanus-Diphtheria (TD)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C.,* Milwaukee, WI, for Petitioner.

*Tyler King,* U.S. Department of Justice, Washington, DC, for Respondent.

## **RULING ON ENTITLEMENT**[1]

On December 23, 2020, Tanner Nadeau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration (SIRVA) after receiving the tetanus-diphtheria (TD) vaccination on September 2, 2018. Petition at 1. Petitioner further alleges that the vaccination was administered within the United States, he experienced symptoms in excess of six months from the date of vaccination, and he has not received any compensation in the form of an award or settlement for his vaccine-related injuries nor had he filed a civil action prior to filing his petition. Petition at 1, 8. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 6, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent found that Petitioner "satisfied the criteria set forth in the Vaccine Injury Table ('Table') and the Qualifications and Aids to Interpretation for a Table SIRVA following a Td vaccination." *Id*. at 4. Specifically, Respondent determined that "[P]etitioner had no history of pain or dysfunction in his left shoulder prior to receiving the Td vaccine; pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and no other condition or abnormality would explain petitioner's symptoms. In addition, given the medical records outlined above, the statutory six-month sequelae requirement has been satisfied." *Id.* Respondent further agrees that that the scope of damages to be awarded is limited to Petitioner's left shoulder injury and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master