# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1957V
(not to be published)

|  |  |
|---|---|
| TANNER NADEAU,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: May 16, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jerome A. Konkel, Samster, Konkel, and Safran, Wauwatosa, WI,* for Petitioner.

*Tyler King, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 23, 2020, Tanner Nadeau filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration after receiving the tetanus-diphtheria vaccine on September 2, 2018. Petition at 1. On October 20, 2022, I issued a decision awarding compensation to Petitioner for his SIRVA injury, based on the Respondent's proffer. ECF No. 25.

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $23,979.69 (representing $22,886.30 in fees and $1,093.39 in costs). Petitioner's Request for Attorney's Fees ("Motion"), filed May 1, 2023, ECF No. 31. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. Attachment to Motion at 24, ECF No. 31-1.

On May 3, 2023, Respondent reacted to the motion, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion ("Response"), ECF No. 32. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

Petitioner has requested 2023 attorney hourly rates as follows: $525 for work performed by Jerome Konkel - representing a rate increase of $35; and $390 for worked performed by Ryan Truesdale - representing a rate increase of $40. Attachment to Motion 2-3, 5, 9. Additionally, Petitioner requests an hourly rate of $170 for paralegal work performed in 2023. *Id.* at 3, 5, 9. I find these hourly rates to be reasonable, and will award the attorney's fees requested.

Furthermore, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 12-23. And Respondent offered no specific objection to the rates or amounts sought. *See* Response at 3, 3 n.2 (indicating reliance upon my discretion due to a lack of sufficient resources and thus, inability to provided detail objections to requests for attorney's fees and costs).

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$23,979.69** (representing $22,886.30 in fees and $1,093.39 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jerome A. Konkel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master